IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:16-CV-347-FL

| | |
|---|---|
| GEORGE D. HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the parties' cross motions for judgment on the pleadings. (DE 10, 12). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert T. Numbers, II, entered memorandum and recommendation ("M&R"), wherein it is recommended that the court grant plaintiff's motion, deny defendant's motion, and, remand to defendant for further proceedings or award of benefits. Defendant timely filed objections to the M&R, and the issues raised are ripe for ruling. For reasons noted, the court adopts the M&R in part, grants plaintiff's motion, denies defendant's motion, and remands to defendant for further proceedings.

## BACKGROUND

On February 9, 2011, plaintiff protectively filed an application for disability insurance benefits, alleging disability beginning October 29, 2009. The claims were denied initially and upon reconsideration. Plaintiff requested hearing before an administrative law judge ("ALJ"), who, after hearing held February 21, 2013, denied plaintiff's claims by decision entered March 12, 2013.

Following denial of his applications, plaintiff appealed to this court, which, by order entered June 8, 2015, remanded plaintiff's claims to defendant for further proceedings.

The ALJ conducted a second hearing January 19, 2016. After hearing, the ALJ again denied plaintiff's claims April 13, 2016. Plaintiff requested review before the Appeals Council, which denied the request August 31, 2016, leaving the ALJ's decision as defendant's final decision. Plaintiff then filed this action October 11, 2016, seeking judicial review.

## DISCUSSION

A.    Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence [is] . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Monroe v. Colvin, 826 F.3d 176, 189 (4th

2

Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)).

To assist in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity during the period from his alleged onset date of October 29, 2009, through his date last insured of December 31, 2013. At step two, the ALJ found that plaintiff had the following severe impairments through his last insured date: status-post right shoulder injury with superior labral anterior-to-posterior (SLAP) tear grade II lesion, partial bicep tendon rupture, partial anterior ligament rupture, impingement syndrome, partial thickness rotator cuff tendon tear, hypothyroidism, and depression. At step three, the ALJ determined that these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listings in the regulations.

Before proceeding to step four, the ALJ determined that, from the alleged onset date to the date last insured, plaintiff had the residual functional capacity ("RFC") to perform light work with the following restrictions: could not climb ladders, ropes, or scaffolds; could only occasionally reach overhead with the right upper extremity; could frequently, but not constantly, reach in all other directions with the right arm; and limited to the performance of simple, routine, repetitive tasks in an environment where there is only casual interaction with the general public and where changes are infrequent and introduced gradually.

At step four, the ALJ concluded plaintiff was unable to perform any past relevant work. At step five, the ALJ determined that jobs exist in the national economy that plaintiff can perform. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act.

B.  Analysis

Defendant objects to the M&R's analysis of the ALJ's assignment of weight to the opinion of Dr. Andrew Bush ("Bush") and to the M&R's recommendation of remand for award of benefits set forth in footnote three.

First, defendant objects to the magistrate judge's assessment that the ALJ failed to provide adequate explanation of decision to accord "probative weight" to the opinion of Bush, who assessed limitations in plaintiff's functioning greater than those limitations reflected in RFC determination. In this objection, plaintiff identifies no particular error in the M&R, but rather, restates without substantive alteration and incorporates by reference arguments made in motion for judgment on the pleadings. (DE 15 at 3). Upon careful review of the record, the court finds that the magistrate judge already has addressed the arguments pertinent to this objection, and defendant raises no new issues for the court to review de novo. See Orpiano, 687 F.2d at 47. Moreover, upon de novo review, the ALJ's assignment of probative weight to Bush's opinion rests, in part, upon finding that certain inconsistencies exist within Bush's treatment notes. However, as explained in the M&R, the ALJ fails to identify any such inconsistencies. For this reason, this court is unable to determine whether the ALJ's finding of inconsistencies within Bush's treatment notes is grounded in substantial evidence. In this manner, the ALJ's decision is inadequately explained and must be remanded. See Monroe, 826 F.3d at 189; Mascio, 780 F.3d at 636.[1]

---

[1] Defendant also objects to the Magistrate Judge's reflections upon differences between the ALJ's assignment of weight to Bush's opinion in the order under review and in prior order dated March 12, 2013. Assuming without deciding that the M&R rests its recommendation of remand upon deficiencies in the ALJ's March 12, 2013, order, the objection is sustained. However, the Magistrate Judge's assessment of the ALJ's failure to explain assignment of weight to Bush's opinion in the order under review constitutes a separate and independent basis for remand. See Monroe, 826 F.3d at 189; Mascio, 780 F.3d at 636.

Second, in introduction and conclusion, the M&R recommends remand for further proceedings. In footnote three, however, the M&R recommends remand for award of benefits. Defendant objects to this latter recommendation, contending that remand for further proceedings is appropriate. Remand for award of benefits is warranted "where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." Breeden v. Weinberger, 493 F.2d 1002, 1012 (4th Cir. 1974); McLeod v. Colvin, 625 F. Appx. 189, 190 (4th Cir. 2015) (same). Here, the court cannot determine whether substantial evidence supports defendant's decision for reasons noted above and for other reasons noted in the M&R to which defendant does not object. Therefore, the court cannot find that further proceedings "would serve no purpose" where further explanation by the ALJ may reveal that the decision is supported by substantial evidence. See Breeden, 493 F.2d at 1012. Therefore, award of benefits is unwarranted at this juncture. See id.

Finally, having reviewed the entire record, including those aspects of the M&R to which defendant does not object, the court agrees with the findings and analysis set forth in the M&R, and, therefore, adopts the M&R, excluding recommendation set forth in footnote three. See 28 U.S.C. § 636(b)(1).

**CONCLUSION**

For the foregoing reasons, the court ADOPTS IN PART the findings, analysis, and recommendation in the M&R, excluding the recommendation set forth in footnote three. Plaintiff's motion for judgment on the pleadings (DE 10) is GRANTED, and defendant's motion for judgment on the pleadings (DE 12) is DENIED. The case is REMANDED to defendant for further

proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The clerk is DIRECTED to close this case.

SO ORDERED this the 12th day of February, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge