IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:16-CV-347-FL

| | | |
|---|---|---|
| GEORGE D. HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ANDREW SAUL, Commissioner of Social Security, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff's motion (DE 24) for attorneys' fees pursuant to 42 U.S.C. § 406(b). Defendant filed a response neither supporting nor opposing the motion, but noting that the court must independently determine the reasonableness of fees requested. In this posture, the matter is ripe for ruling. For the following reasons, plaintiff's motion is allowed.

## BACKGROUND

On February 12, 2020, defendant issued a notice of award of benefits, calculating past due disability benefits for the period of April 2010 through August 2019, in the amount of $158,214.60. Such past due benefits culminated almost eight years of administrative and court proceedings during which plaintiff was represented by multiple attorneys at the law firm Kathleen, Shannon, Glancy, P.A. (collectively, herein, "counsel"). At the administrative level, plaintiff received two unfavorable decisions, in 2013 and 2016, before receiving final favorable decision after third hearing held August 9, 2019. In federal court, upon briefing by counsel, this court remanded twice for further administrative proceedings, first on June 9, 2015 (in case number 7:14-CV-153-BO), and second on February 12, 2018, (in the instant case). In both instances, the court awarded

attorneys' fees in the combined amount of $7,665.52, pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), upon determination that the position of the United States in litigation was not substantially justified.

Plaintiff filed the instant motion for attorneys' fees February 19, 2020, seeking to recover $39,553.65 representing 25% of the past due disability benefits awarded, with provision to refund to plaintiff the $7,665.52 in EAJA fees previously awarded. In support, plaintiff has filed a detailed memorandum of law; notice of award of benefits; contingency-fee agreements between counsel and plaintiff, executed in 2011 and 2014; statement by plaintiff in support of fees; and attorney time records.

In response, defendant neither supports nor opposes the instant motion, but notes that the court must independently determine the reasonableness of fees requested.

## DISCUSSION

Section 406(b) provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 % of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C.A. § 406(b)(1)(A). The Supreme Court has held that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in a particular case." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).

"[A] reduction in the contingent fee may be appropriate when (1) the fee is out of line with 'the character of the representation and the results . . . achieved,' (2) counsel's delay caused past-

due benefits to accumulate 'during the pendency of the case in court,' or (3) past-due benefits 'are large in comparison to the amount of time counsel spent on the case.'" Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005) (quoting Gisbrecht, 535 U.S. at 808). In reviewing the request for fees, a "reviewing court should disallow 'windfalls for lawyers.'" Gisbrecht, 535 U.S. at 808 (quoting Rodriguez v. Bowen, 865 F.2d 739, 747 (6th Cir. 1989)).

Although there is no bright-line test for determining whether a fee will result in a "windfall," this court has considered several factors, including "(1) whether the attorney's efforts were particularly successful for the plaintiff, (2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases." Perrigo v. Astrue, 5:08-CV-626-FL, 2012 WL 3903896 *4 (E.D.N.C. May 22, 2012) (quotations omitted); Abernathy v. Astrue, No. 4:08–CV–99–FL, 2011 WL 488657, at *2 (E.D.N.C. Feb. 7, 2011); see Mudd, 418 F.3d at 428 (identifying factors relevant to reasonableness as "the overall complexity of the case, the lawyering skill necessary to handle it effectively, the risks involved, and the significance of the result achieved in the district court.").

Applying the above factors, the court finds the fee in the instant matter reasonable. The fee is in line with the contingency-fee character of the representation and the results achieved, where counsel achieved a successful remand resulting in an award of benefits for plaintiff. Counsel did not unreasonably delay during the pendency of the case in court. Moreover, the record evidences significant effort by counsel through pleadings which were not boilerplate, and through arguments which involved both careful assessment of the record and the legal issues bearing upon the remand determination. Finally, counsel evidences efficient handling of this case through

3

extensive past experience representing clients in other social security cases. In sum, the court finds reasonable the $35,553.65, requested in this case, with refund to plaintiff of $7,665.52 already received under EAJA.

## CONCLUSION

Based on the foregoing, plaintiff's motion for attorneys' fees is ALLOWED in the full amount requested. Defendant shall release to plaintiff's counsel fees under section 206(b) of the Act, 42 U.S.C. § 406(b), in the amount of $39,553.65 with refund to plaintiff of $7,665.52, representing the prior EAJA awards.

SO ORDERED, this the 19th day of March, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge